IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MARCUS WADE,

    Petitioner,

VS.                                  No. 05-1100-T/An

GLEN TURNER,

    Respondent.

ORDER TRANSFERRING CASE PURSUANT TO 28 U.S.C. § 2241(d)

Petitioner Marcus Wade, Tennessee Department of Correction prisoner number 292802, an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee, filed a series of documents on April 1, 2005 that the Court construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,[1] along with an application seeking leave to proceed *in forma pauperis*. The Court issued an order on April 12, 2005 denying leave to proceed *in forma pauperis* and directing the petitioner to pay the habeas filing fee within thirty days. Because there was no indication on the docket sheet that the petitioner had complied with that order, the Court issued an order on June 8, 2005 dismissing the petitioner without prejudice for failure to prosecute. In fact, however, the petitioner had paid the

---

[1] The documents filed by Wade expressly invoked 28 U.S.C. §§ 2255, 2241, and 2254. In its prior order, the Court stated that § 2255 is inapplicable because Wade is a state prisoner serving a state sentence.

This document entered on the docket sheet In compliance with Rule 58 and/or 79 (a) FRCP on 10/14/05



habeas filing fee on April 25, 2005. Accordingly, the Court issued an order on June 21, 2005 setting aside the order of dismissal.

Twenty-eight U.S.C. § 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

It is the practice of the federal district courts in Tennessee that all § 2254 petitions are to be heard in the district in which the conviction was obtained.

In this petition, Wade is challenging a conviction and sentence that were obtained in Bedford County, Tennessee. Bedford County is in the Winchester Division of the Eastern District of Tennessee. 28 U.S.C. § 123(a)(4).

Therefore, it is ORDERED, pursuant to 28 U.S.C. § 1406(a), that this case is hereby TRANSFERRED to the Eastern District of Tennessee, Winchester Division.

IT IS SO ORDERED this 13th day of October, 2005.

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 10 in case 1:05-CV-01100 was distributed by fax, mail, or direct printing on October 14, 2005 to the parties listed.

---

Marcus Wade
292802
P.O. Box 549
Whiteville, TN 38075

Honorable James Todd
US DISTRICT COURT